Dear Mr. Froreich:
Your request for an Attorney General Opinion has been forwarded to the undersigned for research and reply. Your question, as I appreciate it, is as follows:
 Does La. R.S. 15:255 authorize an off-duty law enforcement officer testifying in a case consolidated for prosecution to be paid the maximum daily allowance of $75.00?
In a letter to this office, you explain that five defendants were consolidated for the purposes of a court appearance, such as a preliminary hearing, other pre-trial hearings, or trial. The officer's attendance is commanded by one subpoena, upon which all five docket numbers are listed.
La. R.S. 15:255 governs the payment of witness fees to law enforcement officers. It states in pertinent part:
Whenever a law enforcement officer is required to be present, in his official capacity, as a witness in any criminal case . . . in any district or parish court, . . . during any time he is not required to report to work or perform the duties of his office, the governing authority of the parish shall pay him the sum of TWENTY-FIVE DOLLARS FOR EACH DAY PER CASE, BUT NO MORE THAN SEVENTY-FIVE DOLLARS IN ANY ONE DAY, REGARDLESS OF THE NUMBER OF CASES for which he is required to be present or whether he actually testifies in the case . . . (Emphasis supplied.)
La. R.S. 15:255 specifies that a witness fee shall be paid "per case" and not per defendant. The question then becomes whether a consolidated case is one case under La. R.S. 15:255. Obviously, the rationale behind prosecuting numerous defendants charged with the same crime at the same time is to more efficiently handle the matter by consolidating numerous cases into just one case. Based upon this rationale, this office takes the position that a consolidated case must logically be interpretated as one case under La. R.S. 15:255.
La. R.S. 1:3, states that words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Therefore, based upon a plain reading of La. R.S. 15:255, a law enforcement officer is only entitled to $25 for testimony in any one case, irregardless of the number of defendants involved. Therefore, even though your letter indicated that an officer had testified in a consolidated case involving five defendants, under La. R.S. 15:255 that officer would still be limited in his compensation to $25. On the other hand, had that same officer testified against five defendants in five different cases in one day, he would be entitled to the maximum allowable daily fee of $75.[1]
La. C.Cr.P. art.887 provides that a defendant who is convicted of an offense is liable for all costs of the prosecution. A witness fee is only part of that expense. The term "court costs" encompasses all costs of the prosecution and the money collected from each defendant may be used to pay many different costs, including but certainly not limited to witness fees. La. R.S. 15:255
provides explicitly what fees are payable to law enforcement officers on a per case or per diem basis, without making any exception for cases which are consolidated for trial. Therefore, this office is of the opinion that La. R.S. 15:255 governs the payment of such fees, irregardless of whether the clerk of court is authorized to collect court costs from each defendant in a consolidated case.
In conclusion, our office is of the opinion that La. R.S. 15:255 only authorizes an off-duty law enforcement officer testifying in a case consolidated for prosecution to be paid the "per case" fee of $25, irregardless of the number of defendants involved. Even though a consolidated case involves more than one defendant, a consolidated case is still one case, and such a distinction does not justify the payment of the maximum daily allowable fee of $75.
I hope this opinion has adequately addressed your question. If our office can be of further assistance, please do not hesitate to call.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: KATHLEEN E. PETERSEN Asst. Attorney General
[1] In your letter to our office, you indicate that a plain reading of La. R.S. 15:255 creates an inequitable result when compared against the court costs, which are collected from each defendant even in cases consolidated for trial. On your facts, you state that the clerk of court collects $125 from each defendant but pays the officer only $25.00 for testifying.